

EOD
03/20/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALAN R. WILLIS | § | Case No. 04-20449 |
| AND DAWNETT L. WILLIS | § | |
| | § | |
| Debtors | § | Chapter 7 |

| | | |
|---|---|---|
| CAPITAL ONE BANK, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 05-2002 |
| | § | |
| ALAN R. WILLIS | § | |
| AND DAWNETT L. WILLIS | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OF DECISION GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

Now before the Court in the above-referenced adversary proceeding is the Affirmation in Support of Motion for Summary Judgment (the "Motion") filed by the Plaintiff, Capital One Bank ("Plaintiff" or "Capital One") on December 2, 2005. No response or objection to the Motion was filed by Alan R. Willis and Dawnett L. Willis ("Defendants" or "Debtors"). Based upon the Court's consideration of the pleadings and the proper summary judgment evidence submitted by the parties, the Court concludes that

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as other evidentiary doctrines applicable to the specific parties in this proceeding.

the Plaintiff's Motion for Summary Judgment should be granted.[2]

**Factual and Procedural Background**

This adversary proceeding was commenced by the Plaintiff, Capital One, to dispute the dischargeability of a debt owed to Plaintiff by Defendants. Prior to their bankruptcy filing, Defendants maintained a revolving charge account with Capital One Bank (the "Account"). Defendants were the authorized users on the Account, and made periodic charges on the Account in accordance with the terms of the cardholder agreement. From June 10, 2004 to September 13, 2004, Defendants made six purchases on the Account in the sum of $5,262.63. Plaintiff contends that these charges were incurred for luxury goods and services. Defendants failed to remit any payment for these charges.

On September 15, 2004, the Defendants filed their voluntary Chapter 7 petition. At the time of the filing, Defendants' outstanding balance was $6,643.93. On January 6, 2005, Plaintiff commenced this adversary proceeding by filing a complaint seeking to recover monies from Defendants pursuant to § 523(a)(2)(A) of the Bankruptcy Code. The summons and complaint were served upon Defendants on January 10, 2005. On January 12, 2005, Defendants filed an answer to the complaint.

On June 14, 2005, Plaintiff served its first discovery requests upon the Defendants

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (I), and (O).

through their counsel. These requests included Plaintiff's First Request for Admissions, First Set of Interrogatories, and First Request for Production ("Requests"). The Defendants failed to respond. On September 23, 2005, Plaintiff filed a Motion to Compel Defendants to respond to the Requests. This Court granted Plaintiff's Motion to Compel on October 24, 2005. Defendants again failed to respond. In light of this fact, pursuant to Fed. R. Bankr. P. 7036,[3] Plaintiff's Request for Admissions are deemed admitted.[4] The Plaintiff contends that the admitted facts are sufficient to establish that the credit card

---

[3] Fed. R. Bankr. P. 7036, applying Rule 36 of the Fed. R. Civ. P., provides, in part, "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed. R. Civ. P. 36(a).

[4] Among the facts deemed admitted by Defendants are:
a) They are the authorized users of the subject Capital One Credit Card, account number: 4115072042636087 (i.e., the "Account").
b) Their agreement with Plaintiff calls for costs of collection, reasonable attorney's fees, plus the costs and expenses of any legal action necessary for collection on their Account.
c) During the Time Period [June 10, 2004 to September 13, 2004], they utilized their credit line with Plaintiff to make purchases totaling $5,262.63.
d) When they made the subject purchases during the Time Period, their regular monthly expenses exceeded their regular monthly income.
e) They knew or should have known, as a reasonable person knew or should have known, that they could not afford to pay for the charges that they incurred on their Capital One Account during the Time Period.
f) When they provided information to Plaintiff with respect to their income at the time they opened their Account, they told Plaintiff's representative that their annual income was a certain amount.
g) At the time they told Plaintiff's representative that their annual income was a certain amount, it was in fact substantially less.
h) For the entire time they utilized their account, they were unemployed.
i) During the Time Period, they were already insolvent at the time they took the subject cash advances and made the purchases upon their Account and did not have the present ability or realistic future possibility to repay Plaintiff for same.

*See* Affirmation in Support of Summary Judgment, ¶ 12.

debt of $5,262.63 is non-dischargeable under §523(a)(2)(A).

Plaintiff contends that through Defendants' continued use of the credit card during this time period, that Defendants made an implied representation that they would repay the debt. Further, Plaintiff contends that Defendants made these representations, knowing they were false, with the intent to deceive Plaintiff and induce Plaintiff to continue to extend credit, that Plaintiff actually and justifiably relied upon these representations, and this reliance was the proximate cause of Plaintiff's monetary losses and damages in the amount of $5,262.63. Plaintiff contends that Defendants were insolvent at the time they incurred the debt, that they incurred the debt with reckless disregard to the belief that the debt could be repaid; therefore, Defendants had the specific intent to defraud Capital One. For these reasons, Plaintiff seeks Summary Judgment against Defendants in the amount of $5,262.63, and a ruling that the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## Discussion

*Standard for Summary Judgment*

Capital One brings its Motion for Summary Judgment in the adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986), *quoting* FED. R. CIV. P. 56(c).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997); *Thom v. State Farm Lloyds*, 10 F.Supp.2d 693, 698 (S.D. Tex. 1997).

If the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson,* 477 U.S. at 248-49 (*citing* FED. R. CIV. P. 56(e)). The substantive law will identify which facts are material. *Id.*

To determine whether summary judgment is appropriate, the record presented is

viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, if the evidence demonstrating the need for trial "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. Thus, a non-movant must show more than a "mere disagreement" between the parties, *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993), or that there is merely "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Essentially, if a non-movant fails to set forth specific facts that present a triable issue, its claims should not survive summary judgment. *Giles v. Gen. Elec. Co.,* 245 F.3d 474, 494 (5th Cir. 2001).

*Analysis*

>  11 U.S.C. §523(a)(2)(A) provides that:
>
>  a discharge under §727 of this title does not discharge an individual debtor from any debt for money, property, or services, ... to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To have a debt excepted from discharge pursuant to the "actual fraud" provision in 11 U.S.C. §523(a)(2)(A), an objecting creditor must prove that: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor;

(4) that the creditor justifiably relied on such representation; and (5) that the creditor sustained losses as a proximate result of the representations. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995), *as modified by the United States Supreme Court decision in Field v. Mans*, 516 U.S. 59 (1995) [regarding the proper standard of reliance]. In seeking to meet its burden of proof, the Plaintiff is clearly relying upon the Fifth Circuit decision in *AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391 (5th Cir. 2001) in order to fulfill the five-prong test for actual fraud in determining the dischargeability of credit card debt under 523(a)(2)(A).[5]

Distilled to its essentials, *Mercer* stands for the following propositions:[6]

(1) that each use of a credit card constitutes, as a matter of law, an implied representation by the debtor to the credit card issuer of an intent to pay the debt

---

[5] As the Fifth Circuit noted in *Mercer*,

> ...most courts considering card-dischargeability have applied elements similar to those described in Pentecost for "actual fraud." Those elements are appropriate for determining card-dischargeability because....card-use lends itself to that analysis.

*Mercer,* 246 F.3d at 403.

[6] *Mercer* marked a dramatic shift in this circuit regarding the dischargeability of credit card debt as a debt procured by actual fraud under §523(a)(2)(A). In overruling a long-standing precedent articulated in *Davison-Paxon Co. v. Caldwell*, 115 F. 2d 189 (5th Cir. 1940), *cert denied*, 313 U.S. 564, 61 S. Ct. 841, 85 L.Ed. 1523 (1941), which stood for the requirement that a creditor seeking to uphold its evidentiary burden to establish the nondischargeability of a debt under 523(a)(2)(A) had to establish the existence of an actual overt action or representation by a debtor, rather than just concealment of insolvency or an inability to repay, the Fifth Circuit found that the rationale underlying Davison-Paxon had been "seriously eroded in the modern world of credit transactions," *Mercer*, 246 F.3d at 404, thereby necessitating new legal standards under which the five *Pentecost* factors are to be evaluated in determining the dischargeability of credit card debts under §523(a)(2)(A) — given the fact that credit card transactions involve no face-to-face dealings between the credit card issuer and a particular debtor.

(but not necessarily an ability to repay);[7]

(2) that a credit card issuer still has the burden to prove that such an implied representation to pay was knowingly false when made;[8]

(3) that if, as an issue of fact, the Court determines that the implied representation to pay was knowingly false, then an intent to deceive the issuer by the Debtor is also present as a matter of law;[9]

(4) that actual reliance by the issuer on the implied representation to pay is established as a matter of law if the credit card issuer extends a loan to the debtor at his request;[10]

(5) that the issuer's reliance upon the implied representation to pay is justifiable "as long as the account is not in default and any initial investigations into a credit

---

[7] *Mercer*, 246 F.3d at 404-07.

[8] A Defendant's representation of intent to repay is false "if the maker knows or believes ... the matter is not as represented, does *not* have the confidence in the accuracy of his representation as implied, or knows ... he does *not* have the basis for his representation as stated or implied." *Mercer,* 246 F.3d at 407, *citing* RESTATEMENT (SECOND) OF TORTS §526 (emphasis in original and internal quotations omitted). To assist in making that evaluation, *Mercer* endorses the review of the following factors to discern a credit card debtor's subjective intent:
(1) the time between the card use and bankruptcy filing;
(2) whether the debtor consulted a bankruptcy attorney prior to the card use;
(3) the number of charges;
(4) the amount of the charges;
(5) the debtor's financial condition at card use;
(6) whether the credit limit was exceeded;
(7) whether multiple charges were made on the same day;
(8) whether the debtor was employed or had employment prospects at the time of the charges;
(9) the debtor's financial sophistication;
(10) whether the debtor's buying habits suddenly changed; and
(11) whether luxuries or necessities were purchased.

*Mercer,* 246 F.3d at 408. "These factors are nonexclusive; none is dispositive; nor must the debtor's contact satisfy a minimum number to constitute fraudulent intent." *Id.*

[9] *Id.* at 411.

[10] *Id.* at 415-16. ["In sum, an issuer usually will be able to establish *actual* reliance by showing it would *not* have approved the loan in the absence of debtor's promise to pay (through card-use)." (emphasis in original)].

report do not raise red flags that would make reliance unjustifiable;"[11] and

(6) that, if the debtor falsely represented an intent to pay and the creditor justifiably relied on that misrepresentation, then the creditor's loss (the unpaid loan) resulted from that reliance as a matter of law.[12]

In this case, by virtue of Defendants' deemed admissions on which there is no genuine issue of material fact, even when viewed in the light most favorable to the Debtor-Defendants, it is established that, by utilizing their credit line with the Plaintiff, the Defendants made an implied representation to the Plaintiff of their intent to repay the debt. This representation was false based upon the admitted facts that the Defendants had no ability to pay those charges, that they were unemployed for the entire time that they utilized the credit line, and that they were admittedly insolvent at the time of each representation and "did not have the present ability or realistic future possibility to repay Plaintiff for same." Because the Plaintiffs' summary judgment evidence establishes that the Defendants' representation to pay was knowingly false, then the Defendants' intent to deceive the issuer based upon such false representations existed as a matter of law. Actual reliance by the Plaintiff is also established as a matter of law because of the uncontested fact that the Defendants invoked the credit line offered by the credit card, leading the Plaintiff to extend such credit. The summary judgment evidence establishes that the Plaintiff's reliance upon the Defendants' false representations was justifiable in

---

[11] *Id.* at 421.

[12] *Id.* at 425.

that there is no summary judgment evidence that even suggests the existence of any red flags which should have triggered any question by the Plaintiff about the Defendants' intent to repay the debt. Finally, because it is uncontested that the Defendants falsely represented an intent to pay the debt and the Plaintiff justifiably relied on that misrepresentation, then the Plaintiff's loss arising from the unpaid account charges resulted from that justifiable reliance as a matter of law. Accordingly, the Plaintiff has made a prima facie showing that it is entitled to a summary judgment against the Defendants to recover the amount of $5,262.63 and that such debt should be declared non-dischargeable debt under §523(a)(2)(A).

The burden accordingly shifts to the Defendants under Fed. R. Bankr. P. 7056(e) to set forth specific facts demonstrating that there is a genuine issue of material fact for trial or that judgment should not otherwise be entered as a matter of law. As previously stated, the Defendants did not respond to the motion for summary judgment in any way.[13]

Accordingly, the Court concludes that the Plaintiff, Capital One Bank, is entitled to summary judgment that it should recover the sum of $5,262.63 from the Defendants,

---

[13] The Court's procedure in this context is governed by Local District Court Rule CV-56, which is incorporated into all bankruptcy adversary proceedings by LBR 7056(d). Subsection (c) of that rule provides as follows:

> (c) In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

Alan R. Willis and Dawnett L. Willis, and that such debt should be declared non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A). An appropriate order and a judgment will be entered which are consistent with this opinion.

Signed on 3/20/2006

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

-11-